Patrick Q. Hustead, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
ph. (303)-721-5000
fax. (303)-721-5001
PQH@thlf.com
Attorney for Plaintiff Liberty Mutual Ins. Co.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) Case No. CV __-___-__-___ </br>) </br>) |
| Plaintiff, | ) </br>) |
| v. | ) **COMPLAINT** </br>) |
| **TRAPPER PEAK CONSTRUCTION, INC.,** **ROBERT R. MALONE**, and **SHEILA M. MALONE**, | ) Jury Trial Demanded ☐ </br>) Jury Trial Not Demanded ☑ </br>) </br>) |
| Defendants. | ) </br>) |

Plaintiff, Liberty Mutual Insurance Company, ("Liberty" or "Surety"), through its undersigned counsel, submits its Complaint against Trapper Peak Construction, Inc., Robert R. Malone, and Sheila M. Malone ("Defendants" or "Indemnitors").

-1-

### A. PARTIES

1. Liberty is a Washington corporation authorized to conduct business in the State of Montana, with its principal offices located at 1001 4th Avenue, 13th Floor, Seattle, WA 98154.

2. Trapper Peak Construction, Inc. ("Trapper") is a Montana corporation with its principal offices located at 306 Broadway Street, Willow Creek, MT 59760.

3. Robert R. Malone is a Montana resident with an address of 306 Broadway Street, Willow Creek, MT 59760.

4. Sheila M. Malone is a Montana resident with an address of 306 Broadway Street, Willow Creek, MT 59760.

### B. JURISDICTION/VENUE

5. This Court has subject matter jurisdiction over the matters and controversies described herein pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds $75,000 and is between citizens of different states.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Montana.

### C. GENERAL ALLEGATIONS

7. On or about October 13, 2010, Liberty, as surety, issued a Contract Bond ("Bond"), Bond No. 023014352 in the penal amount of $5,989,857.25 on behalf of Trapper, as principal, and in favor of the Montana Department of Transportation ("MDT"), as obligee, for a construction project in Carbon County, Montana known as the Federal-aid Project No. STPP 72-1(14)16 (the "Project"). The Bond is attached hereto as **Ex. 1** and incorporated herein by reference

8. As consideration for Liberty issuing the Bond, other bonds, and other consideration, each of the Defendants executed a General Agreement of Indemnity ("GAI") in favor of Liberty on or about June 26, 2009, a redacted1 copy of which is attached hereto as **Ex. 2** and incorporated herein by reference.

9. Pursuant to the GAI, the Defendants, and each of them, agreed to:

…exonerate, hold harmless, indemnify, and keep indemnified the Surety from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature including, but not limited to, pre- and post-judgment interest at the maximum rate permitted by law accruing from the date of a breach of this Agreement or a breach of any other written agreements between or for the benefit of the Surety and the Indemnitor(s) and/or Principal(s) (hereinafter referred to as "Other Agreements"), court costs, counsel fees, accounting, engineering and any other outside consulting fees and from and against any and all such losses, fees, costs and expenses which the Surety may sustain or incur: (1) by reason of being requested to execute or procure the execution of any Bond; or (2) by having executed or procured the execution of any Bond; or (3) by reason of the failure of the Indemnitors or Principals to perform or comply with any of the covenants and conditions of this Agreement or Other Agreements; or (4) in enforcing any of the covenants and conditions of this Agreement or Other Agreements. Payment by reason of the aforesaid causes shall be made to the Surety by the Indemnitors and/or Principals promptly, upon demand by the Surety, whether or not the Surety shall have made any payment therefor and, at the Surety's sole option, irrespective of any deposit of collateral. If the Surety determines, in its sole judgment, that potential liability exists for losses and/or fees, costs and expenses for which the Indemnitors and Principals will be obliged to indemnify the Surety under the terms of this Agreement or Other Agreements, the Indemnitors and/or Principals shall deposit with the Surety, promptly upon demand, a sum of money equal to an amount determined by the Surety or collateral security of a type and value satisfactory to the Surety, to cover that liability, whether or not the Surety has: (a) established or increased any reserve; (b) made any payments; or (c) received any notice of any claims therefor. At the Surety's sole option, such collateral shall be in addition to and not in lieu of any other collateral that has been previously provided to the Surety. The Surety shall have the right to use any collateral, or any part thereof, in payment or settlement of any such liabilities for which the Indemnitors and Principals would be obliged to indemnify the Surety under the terms

---

1 SSN identifiers have been blacked out of this document.

of this Agreement or Other Agreements. In the event of any payment by the Surety, the Indemnitors and Principals further agree that in any accounting between the Surety and the Principals, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement or Other Agreements under the belief that it is, or was, or might be liable for the sums and amounts so disbursed or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety. Surety shall have no obligation to invest or provide a return on any collateral provided to it under this Agreement.

10. Pursuant to the GAI, the Defendants agreed:

The Surety shall have the right, at its option and sole discretion, to adjust, settle or compromise any claim, demand, suit or judgment upon any Bond, unless any Indemnitor or Principal, providing a reasonable legal basis therefor, shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

11. Pursuant to the GAI, the GAI "may not be changed or modified orally. No change or modification shall be effective unless made by written amendment executed to form a part hereof."

12. The terms of the GAI have not been changed or modified.

13. Trapper was alleged to have defaulted on its obligations secured by the Bond. Specifically, MDT declared Trapper to be in default and thereafter made demand upon Liberty to perform under its Bond.

14. Liberty made repeated demand on the Defendants to collateralize Liberty with sufficient funds or other collateral in an amount sufficient to cover the claims against the Bond and Liberty' associated losses. Defendants failed to do so.

15. Defendants' conduct has and continues to cause significant and irreparable harm to Liberty.

16. To date, Liberty has incurred at least $80,000 in attorney's fees, $50,000 in other costs and consultant expenses, $530,000 in costs to complete the Project, and $118,000 in losses associated with payment bond claims. In addition, Liberty may be liable to MDT for an additional $86,000 in liquidated damages associated with the Project, raising its damages in this matter as a result of issuing the Bond to Trapper to over $864,000. Liberty expects to continue to incur attorney's fees and costs to enforce the GAI.

17. All conditions precedent to bringing and maintaining this action have been met or have occurred.

## FIRST CLAIM FOR RELIEF
### (Breach of Express Contract against All Defendants)

18. Liberty hereby incorporates by reference all the allegations contained in paragraphs 1-17 above as though fully set forth herein.

19. Defendants entered into a valid and enforceable contract, the GAI, with Liberty.

20. Liberty has substantially performed its obligations under the GAI.

21. Under the clear, express and unambiguous terms of the GAI, all Defendants are each required to exonerate, hold harmless, indemnify, and keep indemnified Liberty from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature including, but not limited to, pre- and post-judgment interest, court costs, counsel fees, accounting, engineering and any other outside consulting fees which Liberty has sustained or may sustain in the future by reason of,

among other things, executing, procuring the execution, being requested to execute or procure the execution, any bond to Trapper and/or enforcing the terms of the GAI.

22. Liberty has made demand upon Defendants to be indemnified and placed in funds sufficient to cover such losses.

23. Each of the Defendants has failed to meet his, her or its obligations under the GAI.

24. Defendants' individual and collective failure to meet their obligations under the GAI constitutes a material breach of the GAI.

25. Defendants' individual and collective breach of the GAI has damaged Liberty, and Defendants are jointly and severally liable to Liberty for all losses and expenses incurred by Liberty as a result of the issuance of the Bonds and any other bonds, including, but not limited to, attorney's fees and costs, all as provided by the terms of the GAI.

## SECOND CLAIM FOR RELIEF
### (Common Law Indemnification against Trapper)

26. Liberty hereby incorporates by reference all the allegations contained in paragraphs 1-25 above as though fully set forth herein.

27. Under Montana common law, Trapper, as the principal under the Bond, is required to indemnify and hold harmless Liberty from and against any and all liabilities, losses and expenses of whatsoever kind or nature, including, but not limited to, interest, court costs, expenses and attorney fees, imposed upon, sustained or incurred by Liberty on account of the issuance of the Bonds.

28. Liberty has made demand upon Trapper to be indemnified and placed in funds for all losses sustained as a result of the issuance of the Bond.

29. Trapper has failed to meet its obligations to Liberty under Montana law.

30. Trapper's failure to meet its obligations to Liberty under Montana law has damaged Liberty, and Liberty is entitled to damages.

### THIRD CLAIM FOR RELIEF
**(Specific Performance against all Defendants)**

31. Liberty hereby incorporates by reference the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

32. Pursuant to the GAI, each of the Defendants is required to place Liberty in sufficient funds to cover any and losses or expenses, including attorney's fees and costs, incurred by Liberty as a result of the issuance of the Bonds.

33. Pursuant to the GAI, Defendants are required to provide Liberty with access to Defendants' books, financial records and business records.

34. Pursuant to the GAI the Defendants assigned all of Defendants' rights, title and interest to all contracts referenced in the Bond or any other bonds issued by Liberty to Trapper.

35. There is no adequate remedy at law for Liberty to recover the benefit of the GAI.

36. Liberty has performed all of its obligations under the GAI and Bonds.

37. Liberty requests specific performance of the provisions of the GAI which require Defendants to: place Liberty in sufficient funds to cover any loss for which Defendants will be obligated to indemnify Liberty under the terms of the GAI; provide Liberty access to Defendants' books and records; and assign all rights, title and interest to all bonded contracts to Liberty.

## FOURTH CLAIM FOR RELIEF
### (Injunctive Relief – *Quia Timet* Rights against All Defendants)

38. Liberty hereby incorporates by reference the allegations contained in paragraphs 1 through 35 above, as though fully set forth herein.

39. Under the equitable doctrine of *quia timet*, Liberty is entitled to have Defendants place funds or other security with Liberty sufficient to cover any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, counsel fees, costs of investigation, consultant fees, accountant fees, engineer or construction management fees, together with interest thereon at the maximum rate allowed by law, which Liberty may sustain or incur by reason or consequence of having issued the Bond to Trapper and/or Defendants' default under the GAI as set forth more fully above and in the GAI.

40. Defendants have failed to place Liberty in such funds in direct contravention to Liberty's *quia timet* rights.

41. Unless Defendants' assets are collateralized, Liberty will not be adequately secured for its obligations under the Bonds.

42. Liberty is without a plain, speedy, or adequate remedy at law, pecuniary compensation would not afford adequate relief, it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, and Liberty will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

43. Liberty is entitled to preliminary and permanent injunctive relief enforcing its *quia timet* rights and granting Liberty a lien upon all assets and property in which Defendants have an interest, such liens to remain in place until Liberty has been placed in funds as requested herein.

44. Liberty is entitled to a lien against all assets and property, real or personal, in which Defendants have an interest, such liens to remain in place until Liberty has been placed in funds as requested herein.

### FIFTH CLAIM FOR RELIEF
**(Quantum Meruit against all Defendants)**

45. Liberty hereby incorporates by reference the allegations contained in paragraphs 1 through 42 above, as though fully set forth herein. Liberty makes the allegations in this Claim for Relief in the alternative in the event it is found or determined that Liberty and Defendants did not enter into an enforceable contract.

46. Liberty provided services to Defendants by, among other things, issuing the Bond and other bonds to Trapper.

47. Defendants received the benefit conferred by Liberty by, among other things, being awarded projects and profiting wherefrom.

48. Under the circumstances, equity requires that Defendants compensate Liberty for the value of the services provided, including the value of any and all losses or expenses, including attorney's fees and costs, incurred by Liberty as a result of issuing bonds to Trapper.

WHEREFORE, for the foregoing reasons, Liberty demands judgment against each of the Defendants, jointly and severally, as follows:

- For all losses, expenses, costs and attorney's fees, plus pre- and post-judgment interest at the maximum rate allowed by law, incurred by Liberty as a result of the issuance of the Bonds;

- For specific performance of the provisions of the GAI which require Defendants to place Liberty in sufficient funds to cover any possible liability or loss for which Defendants will be obligated to indemnify Liberty under the terms of the GAI;

- For specific performance of the provisions of the GAI which require Defendants to assign to Liberty all right, title and interest in any contract of Defendants and to monies due to Defendants arising out of contracts covered by the Bond or any other bonds;

- For specific performance of the provisions of the GAI which require Defendants to provide liberty access to the Defendants' books and records.

- For preliminary and permanent injunctive relief requiring Defendants to place Liberty in funds by money, property or liens or security interests in real or personal property, as determined by Liberty;

- For an Order granting a lien upon all assets and property in which Defendants have an interest, such liens to remain in place until Liberty has been placed in funds as requested herein; and

- For such other and further relief as the Court deems just and proper.

DATED this 6th day of August, 2013

                                        The Hustead Law Firm
                                            *A Professional Corporation*

*The Original Signature is on File at*
*at The Hustead Law Firm, A Professional*
*Corporation*

*/s/ Patrick Q. Hustead*
_____
Patrick Q. Hustead, Esq.
4643 South Ulster Street, Suite 1250
Denver, Colorado 80237
Telephone: (303) 721-5000
Email: PQH@thlf.com
*Attorneys for Liberty Mutual Insurance Company*

Plaintiff's Address:

Liberty Mutual Insurance Company
1001 4th Avenue, 13th Floor
Seattle, WA 98154.